UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ANA MCCARTHY,

                Plaintiff,

                – against –

LUIS E. MARTINELLI, RICARDO
MARTINELLI LINARES, VARELA ET AL.,
FRIDA HASKY, YACOB (OR JACON
POLLIWODE),

                Defendants,
------------------------------------------------------------------ X

**ORDER**

22-CV-7359 (AMD) (JRC)

**ANN M. DONNELLY**, United States District Judge:

      Before the Court is the plaintiff's motion for reconsideration of the Court's January 11, 2023 decision and order dismissing the complaint and denying leave to appeal *in forma pauperis*. (ECF No. 7.) For the following reasons, the motion is denied.

## BACKGROUND

      The plaintiff filed this action against several Panamanian citizens who pled guilty in this district; the plaintiff sought remission of the property the defendants forfeited as part of those pleas. The plaintiff also sought leave to proceed anonymously and for a temporary restraining order against the defendants. Construing the plaintiff's *pro se* complaint liberally, I found that there was no basis for subject matter jurisdiction over the plaintiff's claims.

      On January 13 and 26, 2023, the plaintiff moved for reconsideration of that order (ECF Nos. 8, 14), and on January 20, 2023, sought to amend her complaint. (ECF No. 10.) The plaintiff states that the Court has jurisdiction because she is the "surviving spouse of a United States veteran" and because her claims invoke the Foreign Sovereign Immunity Act. (ECF No. 14 at 3.)

**DISCUSSION**

**I.     Motion for Reconsideration**

A plaintiff may move for reconsideration of an order under Rule 60(b) of the Federal Rules of Civil Procedure.  In this district, motions for reconsideration are governed by Local Civil Rule 6.3.  Rule 60(b) allows the Court to relieve a party from a final judgment in certain circumstances—for example, if the judgment was procured by fraud, or if new evidence has surfaced that could not have been discovered earlier with reasonable diligence.  However, "[s]ince 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances" (cleaned up)).  Thus, "[a] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).

The plaintiff attaches new exhibits to bolster her claims that she met with an Odebrecht official who she claims later threatened her and her parents (ECF No. 10 at 15; ECF No. 14 at 21-13), and to substantiate her claims that she and her children are in danger.  (ECF No. 10 at 12.)  The plaintiff also represents that she received a phone call on January 6, 2023, from a person claiming to be from the Department of Justice; this person tried to intimidate her into dropping her forfeiture claim.  (ECF No. 10 at 6; ECF No. 14 at 1.)  She has also submitted email correspondence with a Department of Justice official regarding her forfeiture claim.  (ECF No. 15.)  She further alleges that defendant Frida Hazky, who appears to be the plaintiff's landlord, and who the plaintiff says is "associated" with Odebrecht, told her to leave her rented apartment

2

"or else." (ECF No. 14 at 4.) Finally, she claims that defendant Jacob Polliwoda accused her of espionage. (*Id.*)

These submissions do not provide a basis in law or fact to reconsider my prior order. If anything, the plaintiff's additional submissions reflect that the remission process—of which she has availed herself—is still ongoing. For these reasons, the plaintiff's motion for reconsideration is denied. *See Cioce v. County of Westchester*, 128 F. App'x 181, 185 (2d Cir. 2005) (affirming denial of motion for reconsideration because the motion "merely reiterated the arguments already considered and rejected by the district court"). When I dismissed the plaintiff's claims, I did so with prejudice, because it was clear that amendment would be futile. Because there is no basis for reconsideration, I find that an appeal would not be taken in good faith. *See Robinson v. City of Buffalo*, No. 16-CV-432, 2017 WL 7731906, at *1 (W.D.N.Y. Oct. 25, 2017) (quoting *Clay v. New York National Bank*, No. 99-CV-9857, 2001 WL 277299, at *1 (S.D.N.Y. Mar. 21, 2001)).

## CONCLUSION

For the foregoing reasons, the plaintiff's motions for reconsideration and motion to amend her complaint are denied. The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the January 11, 2023 order dismissing the plaintiff's complaint would not be taken in good faith and denies the plaintiff's *in forma pauperis* application for purposes of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                  s/Ann M. Donnelly
                                                  ANN M. DONNELLY
                                                  United States District Judge

Dated: Brooklyn, New York
       February 9, 2023